UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00836-MOC

| | |
|---|---|
| **NIKKI T. THOMAS** )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**NANCY BERRYHILL,** )<br>**Acting Commissioner of Social Security** )<br>)<br>Defendant. )<br>) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Doc. No. 27). Defendant opposes Plaintiff's motion, arguing that the Government's position was substantially justified, and, alternatively, that the fees sought are unreasonable. For the following reasons, the Court denies Plaintiff's motion.

### I. Background

Plaintiff applied for supplemental security income in October 2012, alleging she became disabled on May 23, 2012. (Tr. 16). Her claim was denied at the initial and reconsideration levels of review. (Id.). A hearing was held before an Administrative Law Judge ("ALJ") on February 5, 2015, at which plaintiff had a non-attorney representative present. (Id.). In an April 15, 2015, written decision, the ALJ denied Plaintiff's claim. (Tr. 16-27). The Appeals Council denied Plaintiff's request for review of the ALJ's decision on October 11, 2016 (Tr. 1), rendering the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981.

Plaintiff appealed the Commission's final decision, arguing before this Court that the Commissioner's final decision was erroneous because: (1) the ALJ did not sufficiently explain the residual functional capacity ("RFC") finding; (2) the ALJ failed to resolve an apparent conflict between information in the Dictionary of Occupational Titles (DOT) and the VE's testimony; and (3) the Appeals Council erred in not vacating the ALJ's decision based on newly submitted evidence. (Doc. No. 12 at 5-6). The Commissioner filed a responsive brief, explaining why Plaintiff's arguments lacked merit, (Doc. No. 16 at 4–13), and Plaintiff did not reply.

This Court agreed with the Commissioner on all three issues. (Doc. No. 17). Noting that the ALJ had discussed the mental aspects of Plaintiff's RFC "in great detail," the Court found that the ALJ had appropriately considered the issues relating to (1) Plaintiff's mood disorder, anxiety disorder, and stress (id. at 7–8); (2) Plaintiff's limitation in social functioning (id. at 10); and (3) Plaintiff's limitations in her activities of daily living (id. at 11). This Court held that the ALJ properly considered the evidence of record and explained her findings, which were based on substantial evidence. (Id. at 7–11).

The Court similarly rejected Plaintiff's argument that there was an apparent unresolved conflict between the DOT and the VE's testimony, pointing to the Court's prior holdings that "'there is no direct correlation between the DOT's reasoning levels and a limitation to carrying out simple instructions or performing simple work'" and "'thus, jobs requiring an individual to perform such work is consistent with a DOT reasoning level of either 2 or 3.'" (Id. at 12 (quoting Carringer v. Colvin, No. 2:13-CV-27-MOC, 2014 WL 1281122, at *3 (W.D.N.C. Mar. 27, 2014) (citing Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009); Clontz v. Astrue, No. 2:12-cv-12-FDW, 2013 WL 3899507, at *5 n.6 (W.D.N.C. July 29, 2013))). In light of these

precedents, this Court held, there was no conflict—actualized or apparent—in this case (id. at 12).

Finally, this Court rejected Plaintiff's argument that the Appeals Council erred in declining to disturb the ALJ's decision based on newly submitted evidence. (Id. at 12–14). The evidence, this Court held, was cumulative to the record the ALJ had considered. (Id. at 13). Thus, after carefully reviewing the ALJ's decision, the administrative record, and the parties' briefs, this Court held that the Commissioner's final decision was supported by substantial evidence. (Id. at 14). The Court therefore affirmed that decision. (Id.).

On appeal to the Fourth Circuit, Plaintiff abandoned her argument relating to the Appeals Council, but again contended that the ALJ had erred in formulating and explaining the RFC finding and in relying on the VE's testimony. The Fourth Circuit agreed with Plaintiff and remanded to this Court on February 22, 2019. Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019).

Plaintiff has now filed the pending motion, requesting $22,022.00 in EAJA fees, based on 104.90 hours of attorney services at a rate of $192.50 per hour and a reported 19 hours of paralegal time at a rate of $96.25 per hour. (Doc. No. 27-1 at 8–9). In response, the Commissioner agrees that Plaintiff reasonably expended services before the grant of the remand to the Commissioner and was thus a prevailing party within the meaning of the Act. The Commissioner argues, however, that the Government's position was reasonable in law and fact and, therefore, substantially justified. Accordingly, the Commissioner asks the Court to deny the motion. The Commissioner argues, alternatively, that the fees sought are unreasonable and should be reduced.

**II.    Standard of Review**

The EAJA allows an award of reasonable attorney fees and other expenses against the Government if: (1) the party seeking fees is the "prevailing party" in a civil action brought by or against the Government; (2) an application for such fees, including an itemized justification for each amount requested, is filed within thirty days of final judgment in the action; (3) the Government's position is not "substantially justified"; and (4) no special circumstances make such an award unjust. The absence of any of the above factors precludes a fee award. 28 U.S.C. § 2412(d)(1)(A), (B).

Although the EAJA itself does not define the term "substantially justified," the Supreme Court has stated that "[t]he test of whether the Government's position is substantially justified is essentially one of reasonableness in law and fact." Pierce v. Underwood, 487 U.S. 552, 563-64 (1988) (quoting H.R. Conf. Rep. No. 96-1434, p. 22 (1980)). This does not mean "justified to a high degree," but rather refers to a "genuine dispute." Id. at 565. Thus, the Government's position is substantially justified if it is "'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." Id.; see also Cody v. Caterisano, 631 F.3d 136, 141 (4th Cir. 2011) (quoting Pierce, 487 U.S. at 565). The Supreme Court further clarified that "a position can be justified even though it is not correct" and "it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Pierce, 487 U.S. at 566 n.2; see also Cody, 631 F.3d at 141 (quoting Pierce). As the Fourth Circuit has stated, "the Government will avoid paying fees as long as 'a reasonable person could [have thought]' that its litigation position was 'correct.'" Meyer v. Colvin, 754 F.3d 251, 255 (4th Cir. 2014) (quoting Pierce, 487 U.S. at 566 n.2).

The Government is therefore free to litigate reasonable positions, regardless of whether its position ultimately prevails, without the added risk of exposure to attorney fees. "While the

EAJA redresses governmental abuse, it was never intended to chill the government's right to litigate or to subject the public fisc to added risk of loss when the government chooses to litigate reasonably substantiated positions, whether or not the position later turns out to be wrong." Roanoke River Basin Ass'n v. Hudson, 991 F.2d 132, 139 (4th Cir. 1993).

In sum, the EAJA is not a fee-shifting statute that makes the Commissioner automatically liable for attorney fees every time he loses a case. See Crawford v. Sullivan, 935 F.2d 655, 657 (4th Cir. 1991) (citing Smith v. Heckler, 739 F.2d 144, 147 (4th Cir. 1984)). Moreover, there is "no 'presumption that the Government's position was not substantially justified, simply because it lost the case.'" Id. (quoting Tyler Business Servs, Inc. v. NLRB, 695 F.2d 73, 75 (4th Cir. 1982)). Rather, a reviewing court must look to the totality of the litigation to determine whether the Government's position was substantially justified. A reviewing court must consider "all aspects of the civil action," Comm'r, INS v. Jean, 496 U.S. 154, 161 (1990), and "look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation." Roanoke River Basin, 991 F.2d at 139.

### III.  Discussion

The Court finds that, notwithstanding the Fourth Circuit's holding, it was reasonable for the Commissioner to defend his final decision in this case, which this Court found to be well explained and well supported. First, the Commissioner was substantially justified in defending the ALJ's RFC finding and her explanation thereof, which this Court held to be "based upon evidentiary support," "sufficiently" explained, "adequately considered," and, ultimately, sufficient to permit meaningful review. (Doc. No. 17 at 8-11).[1] As the Commissioner argued in

---

[1]  The Court also explained that, contrary to Plaintiff's contention, Mascio v. Colvin, 780

his brief, the ALJ considered what the evidence showed about Plaintiff's ability to perform a variety of work-related mental functions, including her ability to concentrate, persist, and maintain pace and to interact with others, and the ALJ explained why the evidence supported her findings. (Doc. No. 16 at 4–11). Of particular note, and with respect to the first of these two areas of functioning, the ALJ cited and discussed records documenting Plaintiff's reported ability to pay attention, finish tasks, follow instructions, and handle changes in routine (Tr. 20), as well as notes documenting good attention (Tr. 20), normal mental status examinations (Tr. 24), and routine mental health treatment. (Tr. 24; see Doc. No. 16 at 6–7). The ALJ cited and discussed similar self-reports and treatment records relating to Plaintiff's ability to interact with others. (Tr. 20; see Doc. No. 16 at 8–9). The ALJ likewise discussed the impact that Plaintiff's documented limitations in activities of daily living would have on her ability to function in the work environment. (Tr. 19; see Doc. No. 16 at 9–10). And, as noted, this Court agreed that the ALJ's findings found support in the record and that her discussion permitted meaningful judicial review. (Doc. No. 17 at 7–11). The Fourth Circuit reached a different conclusion, but this Court's decision demonstrates why the Commissioner's defense of that issue meets the basic standard of reasonableness.[2]

The Commissioner was likewise reasonable in defending the ALJ's decision on the issue of the alleged conflict between the VE's testimony and the DOT. As the Commissioner explained, and this Court agreed, the courts in this district had repeatedly rejected the very

---

F.3d 632 (4th Cir. 2015), was "plainly distinguishable." (Doc. No. 17 at 7).

[2] Moreover, this Court observes that, in a concurring opinion, Judge King stated that he was unable to join in that part of the Court's decision because "it is in tension with our recent decision in Keller v. Berryhill, No. 17-2248, where [the Fourth Circuit] properly affirmed a very similar mental RFC explanation from the same ALJ." Thomas v. Berryhill, 916 F.3d at 314 (King., J., concurring).

argument that Plaintiff presented. See (Doc. No. 16 at 11–12 (citing cases)). In briefing this issue in this Court, Plaintiff cited no controlling or even persuasive legal authority to support the assertion that there was an apparent conflict between a limitation to short, simple instructions and jobs classified as reasoning level two. (Doc. No. 12 at 13–16). Instead, she cited a decision from the Fourth Circuit and an unpublished decision from a court within this district addressing entirely unrelated conflicts. (Doc. No. 12 at 15–16). Moreover, on appeal, Plaintiff's argument that there was an apparent conflict in this case relied primarily on Henderson v. Colvin, 643 F. App'x 273, 276 (4th Cir. 2016), and one case each from the Ninth and Tenth Circuits. Henderson involved, however, an RFC limitation that is entirely different (i.e., "one-to-two step" tasks) and that lines up with the DOT's definition of reasoning level one. See 643 F. App'x at 276–77. Moreover, the out-of-circuit cases involve work with a reasoning level of three. See Zavalin v. Colvin, 778 F.3d 842, 848 (9th Cir. 2015); Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005). Indeed, the Hackett court specifically noted that reasoning level two "appears more consistent with" an RFC limitation to "simple and routine work tasks," 395 F.3d at 1176, similar to the limitation at issue here.

Furthermore, where a case is remanded for the ALJ to inquire further into purported DOT and RFC conflicts, but the ALJ's decision may not ultimately be affected by the clarification, the Government's position is likely substantially justified. See Goode v. Colvin, No. 1:14-CV-00056-FDW, 2015 WL 1384166, at *2 (W.D.N.C. Mar. 25, 2015). Here, in remanding to this Court, the Fourth Circuit expressed no opinion as to the merits of Plaintiff's claim for disability on remand, further indicating the Government was substantially justified in its position. Accord Bailey v. Saul, No. 1:17cv326, 2019 WL 3418456, at *2 (W.D.N.C. July 29, 2019) (denying

attorney fees, finding that the Government's position was substantially justified, given the legal precedents that existed when the Government asserted its arguments).

In sum, the Commissioner reasonably continued to defend the final decision in this case and the prior decisions of this Court, which the Commissioner considered consistent with his regulations and rulings. While the Fourth Circuit ultimately decided in Plaintiff's favor, the Commissioner's defense of this litigation meets the basic standard of reasonableness. Because the Commissioner was substantially justified in defending the final decision, the EAJA does not authorize an award of attorney fees, and Plaintiff's motion is denied.

## IV.   Conclusion

For the reasons stated herein, Plaintiff's motion for attorney fees is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for Attorney Fees, (Doc. No. 27), is **DENIED**.

Signed: September 20, 2019

Max O. Cogburn Jr.
United States District Judge