UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00836-MOC

| | |
|---|---|
| **NIKKI T. THOMAS** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) ORDER<br>) |
| **ANDREW SAUL,**<br>**Commissioner of Social Security** | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees. (Doc. No. 37).

### I. BACKGROUND AND DISCUSSION

Plaintiff Nikki T. Thomas brought this action to obtain judicial review of a final decision of Defendant Acting Commissioner of Social Security denying Plaintiff's application for a period of disability and disability insurance benefits. See 42 U.S.C. § 405(g). On March 14, 2019, the Court remanded the Commissioner's decision pursuant to the Order of the Court of Appeals for the Fourth Circuit for further administrative proceedings.

This matter now is before the Court on Plaintiff's motion for attorney's fees filed on August 19, 2020, for requested fees from the balance of the 25% of Thomas's past due benefits, under the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's attorneys were denied fees under the Equal Access to Justice Act (EAJA). In the United States Supreme Court case of Gisbrecht v. Barnhart, 535 U.S. 780 (2002), the Court held that the provision of the Social Security Act

limiting attorney fees to 25% of past due benefits does not displace contingent-fee agreements that are within such statutory ceiling, and instructs courts to review for reasonableness fees yielded by such agreements. In addition, if the claimant has been awarded attorney fees under EAJA, the claimant's attorney must refund the lesser of the two fees to the claimant. Id. at 796.

Upon review of the materials submitted to the Court, the undersigned finds that Plaintiff counsel's request for attorney fees is reasonable, and Plaintiff's Motion for Attorney Fees, (Doc. No. 37), is therefore **GRANTED**. Therefore, it is ordered that the Plaintiff's attorney may collect a fee from the balance of the 25% of plaintiff's past due benefits, which the parties agree amounts to $7,221.50.

**IT IS SO ORDERED.**

Signed: September 17, 2020

Max O. Cogburn Jr.
United States District Judge